NOBLE WADE v. AMANDA G. CONVERSE AND HUSBAND.

Where the petition was in the ordinary form of trespass to try title, except that it prayed judgment for the land together with costs and damages, it was held that an amendment indorsing the petition to the effect that the suit was brought as well to try the title as for damages, was not subject to defences which had intervened since the commencement of the suit, and that limitation therefore did not run to the date of such amendment. But see what is said about the defendant having treated the action as an action to try the title, in his answer, and about the litigation of it in that aspect for years.

Appeal from Freestone. Tried below before the Hon. Henry J. Jewett,

The facts are sufficiently stated in the Opinion.

*S. C. Simmons*, for appellant.

*Prendergast* and *Barziza*, for appellee.

WHEELER, J. The plaintiffs filed their petition on the 6th of September, 1852, alleging that they are the owners of a certain tract of land, which they described ; charging the defendant with a continuing trespass, and with using and enjoying the rents and profits, to their damage, &c. ; and asking that they have judgment against him " for the recovery of the aforesaid lands, together with costs and damages." They omitted to indorse on the petition, that the action is brought as well to try title as for damages.

At the Spring Term, 1853, the defendant answered by a general demurrer, a general denial, and " not guilty ;" and he at the same time pleaded specially, setting up title in himself to the land, claiming to hold under a tax title ; pleaded the

Statute of Limitations ; and made a suggestion of improvements, in good faith, made upon the land, for which he claimed compensation. At the Fall Term, 1854, the plaintiffs filed a replication, impeaching the title set up by the defendant, and the good faith of his possession. At the Spring Term, 1855, the defendant filed exceptions to so much of the amended petition and replication as impeached the deed under which he claimed, because it was not sworn to. And at the same Term, exception was taken to the amendment of the plaintiffs' petition for the want of the indorsement omitted in bringing the suit. The exception was sustained, and the plaintiffs permitted to amend. There was judgment for the plaintiffs, and the defendant appealed. And the only ground on which a reversal is asked, is, upon the ruling of the Court to the effect, that the filing of the petition and not the time of making the amendment, by supplying the indorsement, is to be taken to be the commencement of the suit.

It cannot admit of a question, that the ruling of the Court was correct. The object of prescribing this indorsement to be made upon the petition was to notify the defendant of the nature of the action. The petition in this case placed that beyond doubt. The defendant appeared and answered to the suit as an action to try title ; and by his special answer made it such, if it had not been before. The answer dispensed with the necessity of the indorsement ; and the amending of the petition afterwards was a useless formality. After the parties had litigated the question of title from Term to Term, for years, the Court might well have declined to hear this objection raised then for the first time. We have had occasion to consider the effect of this omission, and the time and manner of taking advantage of it, in previous cases. (Bone v. Walters, 14 Tex. R. 564 ; Shannon v. Taylor, 16 Id. 413.)

The defendant, by his answer, had put the title in issue, and this dispensed with the necessity of the indorsement. But if

he had only pleaded the general denial, the indorsement was matter amendable ; and we could not hesitate to hold, that the filing of the petition, and not the time of making the amendment was the commencement of the action. There is no error in the judgment and it is affirmed.

Judgment affirmed.