### C. S. WIGG v. WILLIAM B. DOOLEY.

Decided January 29, 1902.

**Limitation—Commencement of Suit.**

Suit filed two days before period of limitation expired was not barred where plaintiff had service of citation suspended about two months, when his delaying service appeared to have been at request of defendant, who wished to avoid costs.

Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald.

*James E. Yeager,* for appellant.

KEY, Associate Justice.—Suit upon a verified account; judgment for the plaintiff, and defendant appeals. The main question relied on for reversal is the contention that the plaintiff's cause of action was barred by limitation. The debt matured January 10, 1899, and the plaintiff filed his petition January 8, 1901. This lacked two days of being two years after the maturity of the debt. In order to stop the running of the statute of limitation, the law required the plaintiff to bring suit within two years from the accrual of his cause of action. Suits are commenced in the district and county courts by filing a petition (Revised Statutes, article 1177), but it has been held that the petition must be filed with a bona fide intention that citation shall at once be issued and served upon the defendant. Ricker, Lee & Co. v. Shoemaker, 81 Texas, 22. The rule announced in the case cited is no doubt correct as a general proposition, but we are satisfied that circumstances may exist which will excuse the plaintiff for failure to have the citation served at once, and justify him in delaying such service for a reasonable length of time; and no doubt it was upon this theory that the case at bar was decided. The citation was issued the same day the petition was filed, but at the request of the plaintiff's attorney it was not served until the 1st day of March, 1901. The testimony shows that at the time the suit was filed the defendant was in correspondence with the plaintiff, who lived in another county, with a view to a settlement or compromise of the debt; that when the suit was filed one of the plaintiff's attorneys notified the defendant by telephone, and the defendant expressed a desire to prevent further cost,—stated in effect that he wanted further time to hear from the plaintiff in response to a letter written by him, and promised to call at the attorney's office and confer with him further in reference to the matter. This he failed to do, and after waiting until about the last of February the attorney instructed the deputy sheriff, in whose hands the citation had been placed, to serve the same upon the defendant.

Under these circumstances we think the court was justified in the conclusion that the delay in serving the citation was not caused by negligence on the part of the plaintiff or his attorneys, but was attributable to the fact that the latter had granted the defendant's implied request to take no further steps in the suit until he could hear from the plaintiff.

Some other questions are presented in appellant's brief, but they are believed to be without merit.

The judgment is affirmed.

*Affirmed.*