## GALLAGHER v. TEUSCHER & CO.
### (No. 117.)

(Court of Civil Appeals of Texas. Beaumont. April 20, 1916. Rehearing Denied May 18, 1916.)

1. JUDGMENT ☞520—COLLATERAL ATTACK—REVIVAL.

The rules against collateral attack of a judgment apply in a proceeding to revive it.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. ☞520.]

2. JUDGMENT ☞497(1)—COLLATERAL ATTACK—WANT OF CITATION.

A judgment is not void, so as to be subject to collateral attack, because rendered without bringing defendant into court, unless the want of authority over him appears in the record.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 937; Dec. Dig. ☞497(1).]

3. PROCESS ☞149—RETURN—IMPEACHMENT.

Return in due form of a sheriff on a citation cannot be impeached by the testimony of one witness only.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 202–205; Dec. Dig. ☞149.]

4. JUSTICES OF THE PEACE ☞133—REVIVAL OF JUDGMENT—LIMITATION.

Judgment of a justice may be revived within 10 years of its rendition; the 4-year statute of limitations not applying.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 413–417; Dec. Dig. ☞133.]

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Suit by Teuscher & Co. against Bernard Gallagher, to revive a judgment. From a judgment of revival, defendant appeals. Affirmed.

David E. O'Fiel, of Beaumont, for appellant. Smith, Crawford & Sonfield, and B. F. Pye, all of Beaumont, for appellee.

BROOKE, J. This is a suit by Caroline Teuscher, an individual, suing under the firm name and style of Teucher & Co., against B. Gallagher, to revive a judgment of the justice court, precinct No. 1, Jefferson county, in cause entitled Teuscher & Co. v. B. Gallagher, No. 3522 on the nonjury civil docket of said justice court, rendered on the 29th day of July, A. D. 1907, for the sum of $120.80, besides interest from said date at 6 per cent. and costs of suit, which had become dormant, for the reason that no execution had been executed since the date of its rendition. Citation in proceedings to revive was issued by justice of peace on June 10, 1914, and served upon the defendant in said proceeding on the 11th day of June, 1914, returnable to the term of court begin-

ning June 28, 1914. At a trial had in said cause on the 23d day of July, 1914, the justice of peace rendered judgment in favor of appellee, plaintiff below, reviving said judgment, from which said judgment the appellant appealed to the county court of Jefferson county. Upon a trial being had before the court in said cause in the county court at law of Jefferson county on the 28th day of October, 1915, judgment again was rendered in favor of appellee against appellant, reviving said judgment, and authorizing the issuance of execution thereon. Appellant in due time filed his motion for new trial, and on the 29th of October, 1915, the said motion was overruled, to which exception was taken, and notice of appeal given to this court. A request was filed for the trial judge to file his findings of fact and conclusions of law in the case. On the 8th day of November, 1915, the court filed his conclusions of law and fact, and on the 19th day of November, appellant filed his appeal bond, and the case is properly before this court for adjudication.

The appellant contends that said judgment attempted to be revived was void, for the reason that the court rendering the same was without jurisdiction over his person, for that no citation had been served upon him prior to the rendition thereof, and that he had not entered an appearance, nor waived the issuance of service of citation, and he also contends that the 4-year statute of limitation as to said judgment applies. Appellee contends that the appellant was attempting to set up in his answer defenses occurring prior to the rendition of the judgment, and that as a matter of law the plea of 4-year limitation was not available, and, third, that the appellant was attempting to impeach the judgment of a court valid on its face in collateral proceedings. Upon the trial, a request ,was made to the court that the testimony was insufficient to impeach the officer's return on the citation, which issued in the original suit, and showed that valid service had been made upon him. The court overruled appellant's plea of 4-year limitation, adopted the view taken of the law by appellee, and entered judgment in favor of appellee, plaintiff below.

[1] By the appellant's first assignment, the action of the court below is called in question as being error in holding the evidence adduced by the appellant was insufficient to prove that citation had not been served upon him in said original suit, claiming that the undisputed testimony showed that the appellant had not been served with citation in said suit, and had no notice of said suit, and had not entered his appearance therein. There was no allegation that the judgment showed on its face that there was no service. It is well settled that the principles of estoppel attached to final adjudications are as operative and conclusive in this character of cases as in any other case. No defense

can be made which existed anterior to the judgment. Taylor v. Harris, 21 Tex. 439; Freeman on Judgments, § 445.

[2] It is also ,well settled that a judgment rendered without, in fact, bringing the defendant into court, unless the want of authority over him appears in the record, is no more void than if it were founded upon a mere misconception of some matter of law or of fact occurring in the exercise of an unquestionable jurisdiction. Freeman on Judg-·· ments, § 116; McAnear v. Epperson, 54 Tex. 221, 38 Am. Rep. 625.

It is held also that the recital in the judgment that the defendant was legally served with process cuts off all inquiry in the collateral proceeding as to the legality of the service. Black on Judgments, § 263; Freeman on Judgments, §§ 124–131, inclusive.

[3] It was held, in the case of Gatlin v. Dibrell, 74 Tex. 36, 11 S. W. 908, as to an attempt to contradict the return of a sheriff upon a citation, which was in form correct, that the unsupported testimony of one witness contradicting the return was insufficient, and the Supreme Court in passing on this case uses this language:

"The return by the sheriff on the process * * * was in * * * compliance with the requirements of law, and showed * * * service. The motion to set the judgment aside was an attempt to impeach the return. Neither fraud nor mistake was charged. It was simply alleged that appellant had not been served with process as shown by the return. [So in the instant case.] * * * No other evidence was offered to contradict the return. The return of the officer imports absolute verity, and was sufficient to authorize the rendition of judgment upon default on the part of appellant, and we think the court did not err as alleged in the assignment."

The court, continuing, says:

"If the action of the court in overruling the motion was complained of here so as to require our decision upon it, we are clearly of opinion that the evidence offered to prove the falsity of the return was wholly insufficient. In the case of Randall v. Collins, 18 Tex. 233," the court says: "'But as surely as equity will allow one who has been guilty of no fault or negligence to contradict the sheriff's return by parol evidence for the purpose of having an unjust judgment by default set aside, we are of opinion that it should require the evidence to be clear and satisfactory. It is not like an ordinary issue of fact, to be determined by mere preponderance of testimony.'"

The court quotes with approval from the case of Driver v. Cobb, 1 Tenn. Ch. 490:

"Nor will one witness alone suffice to successfully impeach the return, for that would only be oath against oath. In analogy to the denials or averments of a sworn answer upon the defendant's knowledge, there should be two witnesses, or one witness with strong corroborating circumstances, and, without reference to this rule, upon general principles it would seem essential to the peace and quiet of society that these * * * official acts should not be set aside with the same ease as an ordinary act in pais."

The return of the sheriff shows that service was had. The judgment entered on the 29th day of July, 1907, recites that the plaintiffs appeared by their attorney, and defend-

ant, though duly cited and called, came not, but wholly made default. This is conclusive, and we do not believe under any view that there is merit in this assignment, and therefore the same is overruled.

[4] The same may be said of appellant's third · assignment, and we hold that at any time within 10 years from the rendition of a judgment in the justice court, the same may be revived by a proper proceeding, and that the 4-year statute of limitation does not apply.

A careful examination of the record discloses that no error was committed by the trial court in this case. Therefore the judgment is in all things affirmed; and it is so ordered.