PANHANDLE & S. F. RY. CO. et al. v. HUBBARD. (No. 1080.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 20, 1916.)

1. LIMITATION OF ACTIONS ⬳32(1)—NATURE OF ACTION—TORT—DAMAGES TO SHIPMENT.

A petition for damages to an automobile during shipment alleging that the damages occurred in transit and consisted in the loss of a number of the parts and injury to others, stating the reasonable value at destination in good condition, and in the condition in which it did arrive, states an action in tort, not on contract, to which the two-year statute of limitation applies.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 143, 145; Dec. Dig. ⬳ 32(1).]

2. LIMITATION OF ACTIONS ⬳119(2)—COMMENCEMENT OF ACTIONS—DELAY IN SERVICE—VACATING.

Where the petition was filed and citation issued some time before the action was barred, but the citation was not sent by plaintiff's attorneys to the sheriff for service for nearly two months, at which time the right of action was barred, the plaintiff must show a bona fide intention to have the process served in time, and a reasonable excuse for not having done so.

[Ed. Note.—For other cases, see Limitation of Actions, Cent.Dig. § 530; Dec.Dig. ⬳119(2).]

3. LIMITATION OF ACTIONS ⬳199(1)—QUESTIONS FOR JURY—EXCUSE FOR DELAY—SERVICE.

Where a citation was not sent for service until two months after it was issued and after the right of action was barred by limitations, plaintiff's intention to have it served and the reasonableness of his excuse present questions for the jury.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 727; Dec. Dig. ⬳199 (1).]

4. CARRIERS ⬳91—CONVERSION OF GOODS—DEMAND FOR EXCESSIVE FREIGHT.

Where the carrier demands excessive and illegal freight charges and on the refusal of the shipper to pay them declines to deliver the goods, and sells the goods for the charges, there is a conversion.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 338–355; Dec. Dig. ⬳91.]

5. CARRIERS ⬳191—STORAGE CHARGES—WRONGFUL DETENTION.

A carrier is not entitled to storage charges on goods wrongfully detained by it.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 878; Dec. Dig. ⬳191.]

Appeal from Hale County Court, W. B. Lewis, Judge.

Action by B. A. Hubbard against the Panhandle & Santa Fé Railway Company and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, Geo. Thompson, of Ft. Worth, and Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellants. W. W. Kirk and Y. W. Holmes, both of Plainview, for appellee.

HALL, J. The following statement of the nature and result of the suit is adopted from appellee's brief:

"Appellee, B. A. Hubbard, brought this suit in the county court, August 28, 1915, against appellants, the Panhandle & Santa Fé and the Texas & Pacific Railway Companies, for alleged damages to an automobile shipped by him from Plainview to Weatherford, Tex., on October 7, 1913, consigned to H. G. Gilbert, alleging that the damages occurred in transit, and the damages being the loss of a great number of parts and injury to two parts to the extent of worthlessness; that the reasonable market value at destination in the condition in which the automobile should have arrived was $700; that the reasonable market value in the condition in which the same did arrive was $405, and further for conversion of the automobile in the condition in which the same did arrive at destination, the conversion occurring in either one or two ways, viz. the first alleged being that consignee refused to accept the automobile by reason of its damaged condition, and that when plaintiff called at Weatherford to pay the proper freight charges thereon and to receive same the agent of defendants at destination demanded payment of plaintiff excessive freight charges, which he refused to pay, and the same sued for in this instance of conversion being $405, the alleged reasonable market value of the car at destination at the time of arrival, the second instance of conversion being alleged that thereafter, without the knowledge or consent of plaintiff, the defendants removed the car from destination to Weatherford, thereby converting the same, and the sum sued for in this instance being whatever the reasonable market value of the car might be at destination at the time of such removal as proof might show upon trial, and setting out that freight charges had not been paid, and asking for judgment against the defendants in the sum of $700, less proper freight charges."

Defendants answered by general demurrer, special exceptions, general denial, plea of two-year statute of limitation; that the shipment arrived at destination as alleged by plaintiff, but that it arrived in the same condition in which it was received by them for shipment; that they had tendered the automobile to the consignee at destination upon his paying freight charges to the amount of $52.80; that freight charges and demurrage at the time of suit was $104.40, for which they ask judgment. The answer also tendered the automobile to plaintiffs upon payment of said sum.

The issue of limitation is raised by several assignments. It is shown that the shipment was made from Plainview October 7, 1913, and arrived at Weatherford, its destination, October 12, 1913. The consignee was notified of its arrival October 13, 1913. It was understood that consignee would pay the freight. Appellee testified that he was noti-

fied by appellants' agent at Weatherford about ten days after its arrival there that appellee would not accept the automobile.

The original petition was filed August 28, 1915, and citations were issued the same day. The first regular session of the county court convened September 6, 1915, and the second regular session December 6, 1915. The sheriff of Hale county, where service was made upon the Panhandle & Santa Fé Railway Company, testified that the citation to said company was received at his office October 23, 1915; that he served it October 25, 1915, as appears from the return of the writ; that if it had reached him August 28, 1915, he could have served it on that day; that, according to his recollection, he received the citation from one of appellee's attorneys. The return on the citation served on the Texas & Pacific Railway Company shows that it was issued August 28, 1915, by the county clerk of Hale county, was received by the sheriff of Nolan county, where said company had an agent, October 18, 1915, and executed the same day by service on the local agent of said railway company. It further appears that November 9, 1915, alias citations were issued, and that the one issued to Hale county was returned the same day, duly served; but the one issued to be served on the Texas & Pacific Railway company was not found in the files.

[1] According to the allegations in the petition, plaintiff did not base his action upon the contract of shipment, but endeavored to hold the defendants liable in tort, and therefore the two-year statute of limitation applies to the action. Elder, Dempster & Co. v. St. Louis & Southwestern Railway Co. of Texas (Sup.) 154 S. W. 975.

[2] The petition was filed within the two-year period of limitation, and citations were issued the same day. The first question to be considered is: Were they served in time to prevent the bar? The shipment arrived at Weatherford October 12, 1913, and the consignee was notified the next day but refused to pay the freight and accept the automobile on account of its battered condition and because some parts were missing. Appellee's right of action to recover for such damages accrued October 13, 1913. In the absence of a sufficient excuse for the delay in having the first citations which were issued August 28, 1916, served, the action is barred as to all such damages. In regard to that part of appellee's action for conversion, by reason of the demand by the station agent of an illegal amount of freight, the record is not very clear. When the demand was made, and when the proper sum was tendered, is left uncertain, even by the testimony of appellee himself. The evidence of the clerk of the court and the sheriff of Hale county tends to show that the citations were in the hands of appellee or his attorneys between August 28,

1915, and the dates they were received by the sheriffs of Hale and Nolan counties, respectively. Under such circumstances appellee must show a bona fide intention to have the process served and a reasonable excuse for not having done so. Faires v. Loessin, 46 Tex. Civ. App. 551, 102 S. W. 924; Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Estes v. McWhorter, 182 S. W. 887; Wiggs v. Dooley, 28 Tex. Civ. App. 61, 66 S. W. 306.

[3] We think in the light of the record these were questions of fact which should have been submitted to the jury, and the court erred in refusing appellants' special charge, requesting such submission. Gulf, etc., Ry. Co. v. Flatt, 36 S. W. 1031; Wood v. Railway Co., 15 Tex. Civ. App. 322, 40 S. W. 24.

[4] Where the carrier demands an excessive and illegal freight charge, and upon the refusal of the shipper to pay it declines to deliver the goods and sells them for the charges, it is a conversion. P. & N. T. Ry. Co. v. Porter, 183 S. W. 98, and authorities cited.

[5] The wrongful detention of goods by a carrier will defeat its claim for storage. Sou. Pac. Co. v. Redding et al., 17 Tex. Civ. App. 440, 43 S. W. 1061.

What has been said disposes of all the material questions presented, and the remaining assignments are overruled.

Reversed and remanded.