## ALLEN v. MASTERSON et al.
### No. 9709.

Court of Civil Appeals of Texas. Galveston.
April 14, 1932.

On Rehearing May 12, 1932.

Fulbright, Crooker & Freeman, of Houston (Leon Jaworski, of Houston, of counsel), for appellant.

Elliott Cage and Walter F. Brown, both of Houston, for appellees.

GRAVES, J.

This appeal is from a judgment in favor of appellees, N. T. Masterson, as plaintiff, and A. T. Eddingston, as claimant under garnishment, against appellant, S. M. Allen, as defendant, for $6,221.22 and interest, as for the aggregate amount due—less endorsed credits —on March 19 of 1931, as principal, interest, and attorney's fees, on Allen's due on demand note to Masterson for $4,073.44, dated August 20, 1924; the trial court arrived at the amount of this award by allowing this note to bear interest from maturity, which was the day of its execution, at the rate of 10 per cent. per annum for a period of six months, then tacking the accrued interest to the principal, and permitting the resulting total to bear interest at the rate of 10 per cent. per annum for the next succeeding six months, when the interest was again tacked onto the principal, and so on till the date of the judgment; that is, interest was calculated at the rate of 10 per cent. per annum from the date of the execution of the note, and thereafter compounded semi-annually.

The material provisions of the note are these:

"On demand after date, for value received, I, we, or either of us, promise to pay to the order of N. T. Masterson, four thousand seventy-three and 44/100 ($4,073.44) dollars at the office of H. Masterson, Houston, Texas, with eight per cent (8%) interest per annum from date until maturity. Interest payable semi-annually.

"The principal and interest on this note bear ten per cent interest after maturity thereof. * * *"

Ten per cent. additional on principal and interest for attorneys' fees was provided for.

On the appeal it is contended by Allen: (1) That the note was barred by limitation as a matter of law, wherefore the court should have directed a verdict in his favor; (2) that the note did not obligate him to pay interest semiannually, with interest compounded on the semiannual interest installments, hence the judgment was excessive.

This court overrules the first of these presentments, but sustains the second.

The claim for limitation is that the suit was not commenced and prosecuted within four years after the cause of action shall have accrued, as required by R. S. art. 5527, in that, while the plaintiff's petition was filed August 18, 1928, two days before the

expiration of four years after the date of the note sued on, no citation to the defendant was issued until September 19 of 1928, an entire month and one day after the suit had been so instituted, due to the failure of plaintiff's attorney without reasonable excuse therefor being shown to sooner deposit cash or security for costs of court, or to otherwise take steps looking to the issuance of such process.

Such were the facts so far, except as concerns the diligence of plaintiff's attorney. What further ensued is correctly recited in the appellee's brief:

"The petition contained a prayer for citation. Plaintiff's attorney, Elliott Cage, verbally requested Brightwell, the deputy clerk with whom the petition was filed, to issue citation thereon.

"When the petition was filed with him, Brightwell did not demand a deposit or security for costs, and did not indicate in any way that the Statute requiring the clerk to promptly issue citation would not be complied with. Cage testified to having supposed that the citation would be issued, and a few days later called at the sheriff's office to ascertain whether citation had been served. He was informed by the office-deputy that one of the other deputies had the citation out for service. A few days later he again called to inquire about the service, and then learned that the previous information from the sheriff's office was erroneous, and that the citation had not in fact been delivered to the sheriff. Cage then immediately called on the clerk to ascertain why the citation had not been issued, and was then informed for the first time that no citation had been issued because no bond or deposit had been put up. He then informed the clerk that no previous request had been made for any bond or deposit, and that he would immediately put up one. He did so, complying with the demand immediately, and the citation was then issued by the clerk to the sheriff that same day and served by the sheriff the next succeeding day.

"Cage's testimony as to these matters was not controverted by Brightwell, the deputy sheriff, or any other person.

"The chief deputy in the clerk's office testified that at some time prior thereto the district clerk had promulgated a rule governing his deputies and requiring each deputy receiving a petition to make demand for a ten-dollar deposit, and to notify the plaintiff that no process would issue until the deposit was made.

"In the case at bar the clerk did not attempt to abrogate the Statute requiring the prompt issuance of citation, but merely undertook to instruct his deputies to make a statutory demand for costs in each case, and to notify every plaintiff filing a petition that no process would be issued until the demand was complied with. The evidence in this case merely shows that the deputy failed to comply with the instructions of his superior."

Appellee's statement of the law on the question is also approved, to this effect:

■■ "The filing of a suit within the statutory period is sufficient to stop the running of limitation. The litigant has a right to assume that the officers will do their duty, and that the citation will be served promptly. Where the citation is not issued and served promptly, this does not affect the suit, unless the plaintiff is responsible for the failure of the officers to do their duty, as in cases where the plaintiff instructs the clerk not to issue, or instructs the sheriff, not to serve. Where this is done, it is held that the plaintiff has not a bona fide intention that citation shall issue and be served promptly, and for this reason the filing of the suit does not interrupt the running of the Statute. There is no evidence in this case that the plaintiff and his attorney did not have a bona fide intention that citation should issue and be served. The court submitted the issue to the jury, and it was decided against appellant.

"The court also submitted to the jury an issue as to whether the plaintiff's attorney, Elliott Cage, used reasonable diligence to have citation or process in the suit issued and served on the defendant within a reasonable time, and the jury answered that he did.

"No affirmative duty rested upon the plaintiff to do anything further in connection with the citation until the plaintiff knew, or, by the exercise of ordinary diligence must have known, that the clerk had failed to do his duty and that citation had not issued." R. S. arts. 1971, 2021, 2067; Wigg v. Dooley, 28 Tex. Civ. App. 61, 66 S. W. 306; Tribby v. Wokee, 74 Tex. 142, 11 S. W. 1089; City of Belton v. Sterling (Tex. Civ. App.) 50 S. W. 1027; Godshalk v. Martin (Tex. Civ. App.) 200 S. W. 535; Panhandle & Santa Fe Ry. Co. v. Hubbard (Tex. Civ. App.) 190 S. W. 793; G. C. & S. F. Ry. Co. v. Flatt (Tex. Civ. App.) 36 S. W. 1029.

■■ As concerns the amount of the recovery, we conclude that, under the terms of the note, the principal should not be regarded as due until the suit was filed, notwithstanding its due on demand provision, since it was permitted to run up to that time, and that, accordingly, (1) interest should be computed semiannually on the principal from August 20, 1924, to August 18, 1928, at the rate of 8 per cent. per annum, and thereafter annually at the rate of 10 per cent. up to the date of judgment on March 19, 1931; (2) that there should be added thereto 10 per cent. per annum on each semiannual installment of interest for the period between the filing of the suit and the rendition of the judg-

ment. When thus arrived at, the sum finally due for principal and interest would be $5,286.02; 10 per cent. thereon added thereto for attorneys' fees would make a total of $5,814.62.

The trial court's judgment has therefore been so reformed as to substitute $5,814.62 for the $6,221.22 it allowed, and, as thus changed only in this single detail, has been in all respects affirmed.

Reformed and affirmed.

### On Motion for Rehearing.

On original hearing, after having caused the amounts thereof to be figured by accountants as in compliance with the formula for the calculation laid down in its original opinion, this court fixed the sum finally due for principal and interest on the note in suit at $5,286.02, with $528.60 added thereto as 10 per cent. attorney's fees thereon, making a total recovery of $5,814.62; on rehearing, however, the accountants have discovered errors in those amounts, and have reduced the first total of principal and interest to $5,038.51, and, after adding $503.85 thereto as 10 per cent. for attorney's fees thereon, have brought the final total down to $5,542.36.

Our original judgment and opinion will therefore be corrected accordingly; that is, the sum finally due for principal and interest will be fixed at $5,038.51, and the grand total, after adding 10 per cent. thereto, at $5,542.36.

After making this correction, the motions for rehearing have been overruled.

Overruled.