

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

### NO. 02-10-00142-CV

JERRY C. HAMILTON                                                              APPELLANT

V.

TEXAS CES, INC. D/B/A MERCER                                    APPELLEES
WELL SERVICES AKA RED RIVER
WELL SERVICE, LTD. D/B/A
MERCER WELL SERVICES AND
XTO ENERGY, INC.

----------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Jerry C. Hamilton appeals the summary judgment granted against him and in favor of Appellee Texas CES, Inc. d/b/a Mercer Well Services aka Red River Well Service, Ltd. d/b/a Mercer Well Services (Mercer). Hamilton

---

[1]*See* Tex. R. App. P. 47.4.

contends in one issue that the trial court erred by granting Mercer's motion for summary judgment based on a statute of limitations. We affirm.

## II. Background

Hamilton filed suit against Mercer and XTO Energy, Inc. (XTO) on August 20, 2008, alleging that he was injured on November 7, 2006, and that his injury was caused by Mercer and XTO's negligence.[2] Hamilton requested and paid for service of citation on Mercer and XTO simultaneously with filing the lawsuit. XTO was served on September 15, 2008, but Mercer was not served until September 25, 2009. After filing its answer, Mercer moved for a traditional summary judgment based on the statute of limitations, arguing that Hamilton failed to exercise due diligence because he did not serve Mercer with citation for more than nine months after the statute of limitations expired.

Hamilton's response to Mercer's motion for summary judgment included an affidavit by Bill Bivin, the Cooke County Sheriff's Deputy designated to serve Mercer with citation, and an affidavit by Angela Bongat, an associate with the law firm representing Hamilton. In his affidavit, Deputy Bivin stated that he attempted to serve Mercer's registered agent on August 26, 2008, September 9, 2008, and September 23, 2008, and that Mercer's registered agent was not in the office on any of those dates. Deputy Bivin also testified that he subsequently had "various

---

[2]Hamilton lists XTO as a party to this appeal, but the trial court severed Hamilton's claims against Mercer from his claims against XTO after it granted Mercer's motion for summary judgment. XTO has therefore not filed a brief.

2

personal medical conditions that required [his] frequent hospitalization" and that he did not delegate the task of serving Mercer to another officer. Deputy Bivin further stated that Hamilton's attorney called him on September 18, 2009; that he had several conversations "with the law office" between September 18 and 24, 2009; and that on September 24, 2009, he located the original citation "[l]odged between the center console and the seat of his car."[3]  Deputy Bivin served Mercer with citation on September 25, 2009.

Bongat averred in her affidavit that Deputy Bivin had not been instructed to "hold off on serving" Mercer. Bongat also stated: "Up until mid September 2009, it was always the belief of our office that Mercer had been properly served because the check for service had been cashed immediately, we did not receive any phone calls from the Cooke County Sheriff's Department regarding any problems with citation, and we never received the citation back from their office." Other than confirming that Hamilton's attorneys assumed that Mercer had been served, Bongat's affidavit does not identify any efforts to effectuate service on Mercer between the date the lawsuit was filed on August 20, 2008, and the date that the law firm contacted Deputy Bivin on September 18, 2009.

---

[3]Deputy Bivin also averred that Hamilton's attorneys were "never advised that there were any issues regarding service," that Hamilton's attorneys did not instruct him "to hold off on servi[ce of] the citation," and that based on his conversations with Hamilton's attorneys, he understood that the attorneys "believed that the citation had been properly executed and that they had just not received the return of service."

3

After a hearing, the trial court granted Mercer's motion for summary judgment, and this appeal followed.

## III.  Standard of Review

We review a summary judgment de novo.  *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not.  *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

That a claim is barred by the statute of limitations is an affirmative defense.  *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010) (orig. proceeding).  A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense.  *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

## IV.  Discussion

Hamilton contends in his sole issue that the trial court erred by granting Mercer's motion for summary judgment based on the affirmative defense of statute of limitations.

4

## A.  Applicable Law

A personal injury suit must be brought within two years from the time the cause of action accrues.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2010).  "But a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation."  *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)).  The standard of due diligence is based on the care that an ordinarily prudent person would have used under the same or similar circumstances, and the duty to use due diligence continues from the date suit is filed until the date the defendant is served.  *Id.* at 216; *James v. Gruma Corp.*, 129 S.W.3d 755, 759 (Tex. App.—Fort Worth 2004, pet. denied).

In the summary judgment context, once the defendant affirmatively pleads and establishes that it was sued within limitations but served after limitations expired, the burden shifts to the plaintiff to present summary judgment evidence "regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay."  *Proulx*, 235 S.W.3d at 216 (citing *Murray*, 800 S.W.2d at 830).  Whether a plaintiff was diligent in serving the defendant is generally a question of fact, but if the plaintiff offers no excuse for the delay or if the lapse of time coupled with the plaintiff's acts conclusively negate diligence, lack of diligence will be found as a matter of law.  *James*, 129 S.W.3d at 759–60.  An unexplained delay in effecting service constitutes a lack

5

of diligence as a matter of law. *See Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

## B. Analysis

The statute of limitations for Hamilton's claim against Mercer expired on November 7, 2008. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). Hamilton filed suit within the limitations period but did not serve Mercer with citation until September 25, 2009, more than nine months after limitations expired. Mercer's motion for summary judgment established these facts as a matter of law. The burden therefore shifted to Hamilton to present summary judgment evidence raising an issue of fact to explain the delay. *Proulx*, 235 S.W.3d at 216.

Pointing to evidence that his attorneys "had no knowledge of any problems with service" and that Deputy Bivin's illness and hospitalization led to the citation being lost, Hamilton argues that he has offered "a valid explanation for Mercer not being served" because he had "the right to believe that an officer delegated the duty of serving process will insure that service will be made expeditiously." To support his argument, Hamilton cites *Allen v. Masterson*, 49 S.W.2d 855, 856 (Tex. Civ. App.—Galveston 1932, writ ref'd).

In *Allen*, the plaintiff filed suit two days before limitations expired, but the citation was not issued for more than a month. *Id.* However, the plaintiff's attorney made inquiries within that month with the sheriff's office concerning the status of service, was initially (and erroneously) informed that a deputy had the

6

citation out for service, was later informed that the sheriff's office had not yet received the citation, and then confirmed with the clerk's office that the citation had not been issued because no deposit had been paid. *Id.* The attorney "immediately" paid the deposit, the clerk issued the citation the same day, and the defendant was served the next day. *Id.* The *Allen* court stated, "Where the citation is not issued and served promptly, this does not affect the suit, unless the plaintiff is responsible for the failure of the officers to do their duty, as in cases where the plaintiff instructs the clerk not to issue, or instructs the sheriff, not to serve." *Id.*

In the similar case of *Boyattia v. Hinojoso*, Boyattia filed suit one day before limitations expired, and the clerk issued the citation the same day but did not deliver the citation to the constable for almost two weeks. 18 S.W.3d 729, 732 (Tex. App.—Dallas 2000, pet. denied). After recognizing that "parties have limited control over the actions of a district or county clerk," the court stated,

> [w]hen the clerk delays in issuing or delivering a citation, the passage of time alone is not itself controlling on the issue of a party's diligence. Instead, in determining the issue of diligence, we look to whether a party's actions manifest a "bona fide intention" to have process served. A party who wholly ignores her duty to have the citation served on the defendant during a lengthy period of time the citation remains with the clerk does not manifest a bona fide intention to have process served.

*Id.* at 734 (internal citation omitted). The court then held that "[t]wo weeks is not an unreasonable amount of time to allow a clerk to perform his duties" of issuing

7

or delivering citation and that there was no delay in service that entitled Hinojoso to summary judgment. *Id.*

The present case is readily distinguishable from *Allen* and *Boyattia*. While the summary judgment evidence shows that Deputy Bivin misplaced the citation due to his illness and hospitalization, that the sheriff's office did not inform Hamilton's attorneys of any problems with service, that Hamilton's attorneys did not give any instructions that Mercer not be served, and that Hamilton's attorneys assumed that Mercer had been served, there is no summary judgment evidence explaining why no inquiries were made of the clerk's or sheriff's offices about the status of service before September 18, 2009. Hamilton therefore failed to present evidence creating a genuine issue of material fact concerning his diligence in effectuating service on Mercer. *See Ashley v. Hawkins*, 293 S.W.3d 175, 180–81 (Tex. 2009) (holding unexplained eight month gap between service attempts did not create a fact issue as to diligence); *James*, 129 S.W.3d at 760, 762 (affirming summary judgment based on unexplained six-month delay); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ) (holding that "mere reliance on a process server and a delay of five months after the expiration of the statute of limitations do not, as a matter of law, constitute due diligence in procuring issuance and service of citation"); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ) (holding that more than five months of inactivity and no service efforts between failed attempts at the wrong address and proper service at the

8

correct address constituted a lack of due diligence).  We hold that the trial court did not err by granting Mercer's motion for summary judgment, and we overrule Hamilton's sole issue.

## V.  Conclusion

Having overruled Hamilton's sole issue, we affirm the trial court's judgment.


ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DELIVERED:  April 14, 2011