02-10-142-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00142-CV

 

 


 
 
 JERRY C. HAMILTON
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 TEXAS CES, INC. D/B/A MERCER WELL SERVICES AKA RED
 RIVER WELL SERVICE, LTD. D/B/A MERCER WELL SERVICES AND XTO ENERGY, INC.
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

 

FROM THE 235TH DISTRICT Court OF COOKE
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          

I. 
Introduction

          Appellant
Jerry C. Hamilton appeals the summary judgment granted against him and in favor
of Appellee Texas CES, Inc. d/b/a Mercer Well Services aka Red River Well
Service, Ltd. d/b/a Mercer Well Services (Mercer).  Hamilton contends in one
issue that the trial court erred by granting Mercer’s motion for summary
judgment based on a statute of limitations.  We affirm.

II. 
Background

          Hamilton
filed suit against Mercer and XTO Energy, Inc. (XTO) on August 20, 2008,
alleging that he was injured on November 7, 2006, and that his injury was
caused by Mercer and XTO’s negligence.[2]  Hamilton requested and
paid for service of citation on Mercer and XTO simultaneously with filing the
lawsuit.  XTO was served on September 15, 2008, but Mercer was not served until
September 25, 2009.  After filing its answer, Mercer moved for a traditional summary
judgment based on the statute of limitations, arguing that Hamilton failed to
exercise due diligence because he did not serve Mercer with citation for more
than nine months after the statute of limitations expired.

Hamilton’s
response to Mercer’s motion for summary judgment included an affidavit by Bill
Bivin, the Cooke County Sheriff’s Deputy designated to serve Mercer with
citation, and an affidavit by Angela Bongat, an associate with the law firm
representing Hamilton.  In his affidavit, Deputy Bivin stated that he attempted
to serve Mercer’s registered agent on August 26, 2008, September 9, 2008, and
September 23, 2008, and that Mercer’s registered agent was not in the office on
any of those dates.  Deputy Bivin also testified that he subsequently had
“various personal medical conditions that required [his] frequent
hospitalization” and that he did not delegate the task of serving Mercer to
another officer.  Deputy Bivin further stated that Hamilton’s attorney called
him on September 18, 2009; that he had several conversations “with the law
office” between September 18 and 24, 2009; and that on September 24, 2009, he
located the original citation “[l]odged between the center console and the seat
of his car.”[3]  Deputy Bivin served
Mercer with citation on September 25, 2009.

Bongat
averred in her affidavit that Deputy Bivin had not been instructed to “hold off
on serving” Mercer.  Bongat also stated:  “Up until mid September 2009, it was
always the belief of our office that Mercer had been properly served because
the check for service had been cashed immediately, we did not receive any phone
calls from the Cooke County Sheriff’s Department regarding any problems with
citation, and we never received the citation back from their office.” Other
than confirming that Hamilton’s attorneys assumed that Mercer had been served,
Bongat’s affidavit does not identify any efforts to effectuate service on
Mercer between the date the lawsuit was filed on August 20, 2008, and the date
that the law firm contacted Deputy Bivin on September 18, 2009.

After
a hearing, the trial court granted Mercer’s motion for summary judgment, and this
appeal followed.

III. 
Standard of Review

We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could, and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).

That
a claim is barred by the statute of limitations is an affirmative defense. In
re United Servs. Auto. Ass’n, 307 S.W.3d 299, 308 (Tex. 2010) (orig.
proceeding).  A defendant is entitled to summary judgment on an affirmative
defense if the defendant conclusively proves all the elements of the
affirmative defense.  Frost Nat’l Bank v. Fernandez, 315 S.W.3d 494,
508–09 (Tex. 2010); see Tex. R. Civ. P. 166a(b), (c).

IV. 
Discussion

          Hamilton
contends in his sole issue that the trial court erred by granting Mercer’s
motion for summary judgment based on the affirmative defense of statute of
limitations.

A. 
Applicable Law

          A
personal injury suit must be brought within two years from the time the cause
of action accrues.  See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)
(Vernon Supp. 2010).  “But a timely filed suit will not interrupt the running of
limitations unless the plaintiff exercises due diligence in the issuance and
service of citation.”  Proulx v. Wells, 235 S.W.3d 213, 215 (Tex. 2007)
(citing Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990)).
 The standard of due diligence is based on the care that an ordinarily prudent
person would have used under the same or similar circumstances, and the duty to
use due diligence continues from the date suit is filed until the date the
defendant is served.  Id. at 216; James v. Gruma Corp., 129
S.W.3d 755, 759 (Tex. App.—Fort Worth 2004, pet. denied).

          In
the summary judgment context, once the defendant affirmatively pleads and
establishes that it was sued within limitations but served after limitations
expired, the burden shifts to the plaintiff to present summary judgment
evidence “regarding the efforts that were made to serve the defendant, and to
explain every lapse in effort or period of delay.”  Proulx, 235 S.W.3d
at 216 (citing Murray, 800 S.W.2d at 830).  Whether a plaintiff was
diligent in serving the defendant is generally a question of fact, but if the
plaintiff offers no excuse for the delay or if the lapse of time coupled with
the plaintiff’s acts conclusively negate diligence, lack of diligence will be
found as a matter of law.  James, 129 S.W.3d at 759–60.  An unexplained
delay in effecting service constitutes a lack of diligence as a matter of law.  See
Taylor v. Thompson, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999,
pet. denied).

B. 
Analysis

          The
statute of limitations for Hamilton’s claim against Mercer expired on November
7, 2008.  See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). 
Hamilton filed suit within the limitations period but did not serve Mercer with
citation until September 25, 2009, more than nine months after limitations
expired.  Mercer’s motion for summary judgment established these facts as a matter
of law.  The burden therefore shifted to Hamilton to present summary judgment
evidence raising an issue of fact to explain the delay.  Proulx, 235 S.W.3d
at 216.

          Pointing
to evidence that his attorneys “had no knowledge of any problems with service”
and that Deputy Bivin’s illness and hospitalization led to the citation being
lost, Hamilton argues that he has offered “a valid explanation for Mercer not
being served” because he had “the right to believe that an officer delegated
the duty of serving process will insure that service will be made
expeditiously.”  To support his argument, Hamilton cites Allen v. Masterson,
49 S.W.2d 855, 856 (Tex. Civ. App.—Galveston 1932, writ ref’d).

In Allen,
the plaintiff filed suit two days before limitations expired, but the citation
was not issued for more than a month.  Id.  However, the plaintiff’s
attorney made inquiries within that month with the sheriff’s office concerning
the status of service, was initially (and erroneously) informed that a deputy
had the citation out for service, was later informed that the sheriff’s office
had not yet received the citation, and then confirmed with the clerk’s office
that the citation had not been issued because no deposit had been paid.  Id. 
The attorney “immediately” paid the deposit, the clerk issued the citation the
same day, and the defendant was served the next day.  Id.  The Allen
court stated, “Where the citation is not issued and served promptly, this does
not affect the suit, unless the plaintiff is responsible for the failure of the
officers to do their duty, as in cases where the plaintiff instructs the clerk
not to issue, or instructs the sheriff, not to serve.”  Id.

In
the similar case of Boyattia v. Hinojoso, Boyattia filed suit one day
before limitations expired, and the clerk issued the citation the same day but
did not deliver the citation to the constable for almost two weeks.  18 S.W.3d
729, 732 (Tex. App.—Dallas 2000, pet. denied).  After recognizing that “parties
have limited control over the actions of a district or county clerk,” the court
stated,

[w]hen the clerk
delays in issuing or delivering a citation, the passage of time alone is not
itself controlling on the issue of a party’s diligence.  Instead, in
determining the issue of diligence, we look to whether a party’s actions
manifest a “bona fide intention” to have process served.  A party who wholly
ignores her duty to have the citation served on the defendant during a lengthy
period of time the citation remains with the clerk does not manifest a bona
fide intention to have process served.

 

Id. at
734 (internal citation omitted).  The court then held that “[t]wo weeks is not
an unreasonable amount of time to allow a clerk to perform his duties” of
issuing or delivering citation and that there was no delay in service that
entitled Hinojoso to summary judgment.  Id.

          The
present case is readily distinguishable from Allen and Boyattia. 
While the summary judgment evidence shows that Deputy Bivin misplaced the
citation due to his illness and hospitalization, that the sheriff’s office did
not inform Hamilton’s attorneys of any problems with service, that Hamilton’s
attorneys did not give any instructions that Mercer not be served, and that
Hamilton’s attorneys assumed that Mercer had been served, there is no summary
judgment evidence explaining why no inquiries were made of the clerk’s or
sheriff’s offices about the status of service before September 18, 2009.  Hamilton
therefore failed to present evidence creating a genuine issue of material fact
concerning his diligence in effectuating service on Mercer.  See Ashley
v. Hawkins, 293 S.W.3d 175, 180–81 (Tex. 2009) (holding unexplained eight
month gap between service attempts did not create a fact issue as to diligence);
James, 129 S.W.3d at 760, 762 (affirming summary judgment based on
unexplained six-month delay); Gonzalez v. Phoenix Frozen Foods, Inc.,
884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ) (holding that
“mere reliance on a process server and a delay of five months after the
expiration of the statute of limitations do not, as a matter of law, constitute
due diligence in procuring issuance and service of citation”); Butler v.
Ross, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ)
(holding that more than five months of inactivity and no service efforts
between failed attempts at the wrong address and proper service at the correct
address constituted a lack of due diligence).  We hold that the trial court did
not err by granting Mercer’s motion for summary judgment, and we overrule
Hamilton’s sole issue.

V. 
Conclusion

          Having
overruled Hamilton’s sole issue, we affirm the trial court’s judgment.

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
GARDNER,
WALKER, and GABRIEL, JJ.

 

DELIVERED:  April 14, 2011









[1]See Tex. R. App. P. 47.4.





[2]Hamilton lists XTO as a
party to this appeal, but the trial court severed Hamilton’s claims against
Mercer from his claims against XTO after it granted Mercer’s motion for summary
judgment.  XTO has therefore not filed a brief. 





[3]Deputy Bivin also averred
that Hamilton’s attorneys were “never advised that there were any issues
regarding service,” that Hamilton’s attorneys did not instruct him “to hold off
on servi[ce of] the citation,” and that based on his conversations with
Hamilton’s attorneys, he understood that the attorneys “believed that the
citation had been properly executed and that they had just not received the
return of service.”