RICKER, LEE & CO. v. D. D. SHOEMAKER.

No. 6841.

1.  **Venue — Negligence in Failure to Act No Trespass.** — Suit for damages for personal injuries caused by the defendant's representative failing to do an act which it was his duty to do. This is not a *trespass* within the meaning of the exceptions in subdivision 4, article 1198, Revised Statutes.

2.  **Same—Trespass.**—The words "where the crime, offense, or trespass was committed," indicate that the word *trespass* was intended to embrace only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty.

3.  **Limitation—Filing Suit.**—All the elementary writers agree that in order to stop the running of the statute of limitations by suit not only must the initial step required by the statute be taken, but there must also be a bona fide intention that the process should be served at once upon the defendant, and such is practically the ruling of this court.

4.  **Excuses for Failing to Issue Process.**—Physical debility of plaintiff does not suspend the statute of limitations, nor does it excuse a failure to bring or prosecute the suit within the time prescribed by law. The citation should issue for the defendants to the place of their alleged residence within a reasonable time after the petition is filed.

APPEAL from Dallas. Tried below before Hon. Geo. N. Aldredge. The opinion states the case.

*Cobb & Avery*, for appellants.—1. Where the foundation of a suit is not a crime, offense, or trespass, but simply an act of negligence done outside of the county where the defendants have their domicile, it constitutes no exception to the general rule that a person is entitled to be sued in the county of his domicile. Railway v. Mangum, 68 Texas, 342; McRae v. McWilliams, 58 Texas, 328; Hubbard v. Lord, 59 Texas, 384; Hilliard & Hilliard v. Wilson & Blum, 65 Texas, 287.

2.  Revised Statutes of Texas, article 1198, subdivision 4, providing that "when there are two or more defendants residing in different counties suit may be brought in any county where any one of the defendants resides," means that if one who is a proper or necessary party defendant resides in a county in which suit has been brought, then other defendants who reside in other counties may be joined with him; but where the party defendant residing in the county where suit is brought is not a necessary nor proper party the jurisdiction can not be sustained if the proper plea be interposed. Railway v. Mangum, 68 Texas, 342; Same Case, 4 S. W. Rep., 617; Holloway v. Blum, 60 Texas, 625; Henderson v. Kissam, 8 Texas, 46; Pool v. Pickett, 8 Texas, 122; Roan v. Raymond, 15 Texas, 78.

3.  The plea to the jurisdiction being sufficient in form and substance, there was no ground for sustaining a general demurrer to it, and the jurisdictional facts put in issue by it should have been sub-

mitted to the jury. Rule 17, 47 Texas, 619; Morrison v. Jaliorick & Co., 1 Ct. App. C. C., sec. 735.

4. Actions for injuries done to the person of another shall be commenced and prosecuted within one year after the cause of action shall have accrued, and not afterward; and the filing of the petition is not such a commencement and prosecution of an action as will arrest the the statute of limitations. Rev. Stats., art. 3202; Veramendi v. Hutchins, 48 Texas, 532; Maddox v. Humphries, 30 Texas, 494; Wood on Lim. of Act., sec. 289; Angell on Lim., sec. 312.

5. That defendants were at work in various parts of the State, and were difficult to locate, is no sufficient reason or excuse for failure to have citation issued and served. Wood on Lim. of Act., secs. 6, 289.

6. That plaintiff was sick and in a crippled condition, and was ignorant that there had been no service of citation on the defendants, constitute no sufficient reason or excuse for failure to have citations issued and served. Wood on Lim. of Act., sec. 6; Angell on Lim., sec. 478.

7. The statute of limitations in actions for personal injuries is not arrested until the issuance of citation. In this case the uncontradicted evidence showed that the injury occurred on May 6, 1886, and no citation was issued until January 13, 1888. Veramendi v. Hutchins, 48 Texas, 532; Maddox v. Humphries, 30 Texas, 494; Hoffman v. Cage, 31 Texas, 598; Angell on Lim., sec. 312; Wood on Lim. of Act., sec. 289.

8. If after filing his petition the plaintiff fails within the year to comply with the legal requisites to have citation issued he can not be considered as having prosecuted his suit, and the statute will not be arrested; and especially is this correct when, upon being notified by the clerk that he will not issue until satisfactory arrangement is made about costs, he still fails to immediately give security for costs or make the statutory affidavit of his inability to do so. Maddox v. Humphries, 30 Texas, 494; Veramendi v. Hutchins, 48 Texas, 532; Angell on Lim., sec. 312.

*Brown, Watts & Hall,* for appellee.—1. (1) Where the foundation of the suit is a crime, offense, or trespass, for which a civil action for damages will lie, the suit may be brought in the county where the trespass, offense, or crime was committed.

(2) A trespass is a wrong or injury done to the person or property of any individual, for which wrong or injury a civil action in damages would lie.

(3) The word trespass in article 1198 was added to the old statute in order to embrace every phase of injury that may be inflicted upon the citizen, and, in cases sounding in damages, to furnish a remedy where the injury was inflicted.

(4) Gross negligence on the part of a person by reason of which an injury is done to the person or property of an individual is such a crime, offense, or trespass as authorizes suit to be brought in the county in which the offense of negligence was committed.

(5) Crimes, offenses, and trespasses are different phases of injuries, differing only in degree, and in cases where a civil action for damages would lie a suit can be maintained in the county where either of the wrongs or injuries were perpetrated.

(6) The nature of the injuries inflicted on plaintiff in Dallas County, Texas, the gross negligence of the superintendent of the work, and the liability of defendants being fully set forth in plaintiff's petition, the court did not err in sustaining the demurrer to defendants' plea to the jurisdiction of the court. Hubbard v. Lord, 59 Texas, 384; Cahn v. Bonnet, 62 Texas, 674; 65 Texas, 286; Douglas v. Railway, 63 Texas, 564; Railway v. Whitmore, 58 Texas, 276.

2. (1) Actions of every kind in a court of record in this State are commenced by the filing of the petition.

(2) The filing of the petition being the commencement of the action, and not the issue and service of the writ, it follows that the filing of the petition stops the running of the statute of limitations.

(3) The statute of limitations being suspended by the filing of the petition, nothing but such laches as would amount to an abandonment of the suit would put the statute again in operation.

(4) As to whether or not a party has been guilty of such laches as would amount to an abandonment of the suit is a question of fact to be submitted to the jury.

(5) The court did not err in overruling defendants Ricker, Lee & Co.'s special exception to plaintiff's supplemental petition, wherein plaintiff sets up his reason for not having the defendants served before the expiration of twelve months from the origin of the cause of action.

3. (1) The evidence showed that plaintiff filed his petition in said cause before one year had elapsed from the accrual of the cause of action, and that he used due diligence to have defendants served and to prosecute his cause to judgment.

(2) The evidence showed that plaintiff's excuse was a reasonable one for not having defendants served at an earlier date, and this issue was submitted rightfully by the court and was passed upon by the jury in favor of plaintiff.

(3) As to what is a reasonable time is a question of fact to be determined by the jury from all the circumstances surrounding the case and the evidence detailed by the witnesses.

(4) If the charge of the court was not sufficiently full and explicit on the question of reasonable time, fuller instructions on that point should have been asked for by the defendants. Kinney v. Lee, 10 Texas, 155; Coles v. Portis, 18 Texas, 156; Scoby v. Sweatt, 28 Texas, 714.

GAINES, ASSOCIATE JUSTICE.—This action was brought by the appellee to recover of the Gulf, Colorado & Santa Fe Railway Company, or of Ricker, Lee & Co., the appellants, damages for personal injuries. The petition alleges that the plaintiff was employed by the railway company in constructing a trestle on an extension of its line in Dallas County; that he was working under the immediate orders of one Greenfield, who was a representative of the company with power to employ and discharge hands, and that while he was so employed, and while he was upon a pile-driver used in constructing the work, through the negligence of Greenfield in failing to fasten a guy-rope at the proper time he was thrown to the ground and injured. It was also alleged in substance that Ricker, Lee & Co. were at the time contractors under the railway company for the construction of its work, but that the contract bound them to do the work under the direction and control of the company's engineer. But the petitioner further averred that if he was mistaken in alleging that the work was to be done under the control of the company, and if Ricker, Lee & Co. were independent contractors, then Greenfield was their representative and they were liable for the injury. There was a prayer for judgment against the railway company, and also a prayer for recovery against Ricker, Lee & Co. in the event the court should hold that the railway company was not liable. The defendants Ricker, Lee and Owen, who constituted the firm of Ricker, Lee & Co., were alleged to reside in Galveston County; but Lee was alleged to be in Galveston County and Owen in Collin County at the time the petition was filed. Citations were prayed for to both counties.

Ricker, Lee & Co. filed a plea to the jurisdiction, claiming their privilege of being sued in Galveston County, alleging that each of them resided in that county and that neither resided in Dallas County; and that they were independent contractors under the Gulf, Colorado & Santa Fe Railway Company, and that the latter was not liable for the wrongs alleged in the plaintiff's petition. It was also alleged that the railway company was fraudulently made a party defendant for the purpose of conferring jurisdiction as to the defendants upon the District Court of Dallas County. The plea was properly supported by affidavit. An exception to the plea was sustained by the court, and appellants assign that ruling as error.

Counsel for appellee maintain that the cause of action alleged in the petition was a "trespass" within the meaning of that exception contained in article 1198 of the Revised Statutes, which provides in effect that when the foundation of a suit is some crime, offense, or trespass for which a civil action in damages will lie, the suit may be brought "in the county where the crime, offense, or trespass was committed." The construction of the word "trespass" in that provision of the statute came before us for consideration in the case of Hill v. Kimball, 76

Texas, 210, and we there held that the word was not used in its most restrictive sense and as applying only to actions for injuries inflicted by force upon the person or property of another, but that it would embrace actions of trespass on the case as known to the common law. In the case cited the alleged wrong consisted in a bloody assault by the defendant upon two negroes in presence of the plaintiff's wife, and it was averred that by reason of the mental excitement of the wife caused by the defendant's conduct a miscarriage resulted. It was held that the cause of action was a "trespass" within the meaning of the statute, and that the suit was properly brought in the county where the trespass was committed. Between that and the case now under consideration there is a marked distinction. There the act was not alleged to be done with the intent to injure the plaintiff's wife, but it was an act committed. In the present case the alleged wrong consists in the negligent omission by the defendants' representative to do an act which it was his duty to do. Is this a "trespass" within the meaning of the statute? We think not. The words "when the crime, offense, or trespass was committed" indicate that the word trespass was intended to embrace only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty. There are expressions in the opinion in the case of Hill v. Kimball, supra, which would tend to give to the exception in the statute we are now considering a wider scope; but when that case was under consideration the distinction we now draw did not present itself to our minds. We conclude that the court erred in sustaining the exception to Ricker, Lee & Co.'s plea to the jurisdiction.

The defendants Ricker, Lee & Co. also pleaded the statute of limitations, alleging that the plaintiff had not commenced and prosecuted his suit within one year from the time the cause of action accrued. To this the plaintiff replied, that he had filed his petition September 28, 1886, which was within one year from the time the cause of action accrued, and that the statute of limitations ceased to run from the date on which the petition was filed; that it might be true that Ricker, Lee & Co. resided in Galveston and had an office there, but they were general railway contractors and seldom in their office, and at the time the petition was filed they were engaged at short intervals at different times in different parts of the State, and that it was difficult for plaintiff to ascertain their location so as to serve them with process. He also averred that by reason of his injuries he was unable to attend to the matter, and did not know that service was not had upon defendants until a short time before the filing of his first supplemental petition. The supplemental petition was not filed until January 11, 1888. A demurrer was filed to this replication, but was overruled by the court. It is to be presumed that the object of the pleading was to excuse the long failure to issue process upon the petition. The facts alleged show no

lawful excuse. The defendants were alleged to reside in Galveston County, and citations should have been issued to that county within a reasonable time after the petition was filed. The physical disability of the party plaintiff does not suspend the statute of limitations, nor does it excuse a failure to bring and prosecute the suit within the time prescribed by law. The plaintiff's personal effort was not necessary to procure process to issue. His attorney could have attended to this, and if he failed to do so the plaintiff can not excuse himself on account of his neglect.

The real facts about the matter came out in evidence. The alleged cause of action accrued on the 6th of May, 1886. The petition was filed September 28, 1886. The first citations were issued January 11, 1888. The testimony relied upon to excuse the delay is stated in the brief for appellee, as follows:

"Plaintiff Shoemaker testified, that soon after he was hurt he employed Mr. Brown, now of the firm of Brown, Watts & Hall, who was then practicing alone, who duly filed his petition for him; that some time after his petition was filed he was informed by Mr. Brown that the clerk of the court would not issue citation for him unless he made some provisions for costs by making a deposit or furnishing a cost bond, and that some time about the last of May or first of June, 1887, he tendered to the clerk a cost bond, when the clerk told him he knew nothing of the sureties on the bond and it would be a great deal of trouble to examine the tax rolls to ascertain whether or not they were good, and that he would prefer that he would make a cash deposit; that he then took the bond off with him. After a while, just before the citations were issued, arrangements were made with the clerk about the costs, and the citations were issued. That after he had partly recovered and was able to get about on crutches he went to King's livery stable and staid there some time, and would occasionally do turns about the stable; his attending physician saw him and wanted him not to use his leg, and advised him not to remain in the stable but to lie up until the bones should thoroughly knit together. He remained in the stable some time after and then went south on the Gulf, Colorado & Santa Fe Railway in search of work, but got sick and could not work down there; that he then returned to Dallas and went over to Oak Cliff, near the city of Dallas, in December after he was hurt, and staid there some time sick and then came back to Dallas.

"James W. Brown testified, that he filed the petition for plaintiff before he became a member of the present firm; that when he filed it he made no arrangement with the clerk about costs, supposing the clerk would issue the citations anyhow, as where he had been practicing for many years clerks would issue without bonds; that afterward he ascertained that the clerk would not issue without bond or affidavit; that he told his client he would have to make some arrangements about costs.

Afterward the firm of Brown, Watts & Hall was formed, and Mr. Hall furnished the money to pay the costs and the citations were issued. About three or four months after the petition was filed he ascertained from the clerk that no citation had been issued, and he then told the clerk that he did not know where Ricker, Lee & Co. could be found."

The delay, it is evident, resulted from mere neglect in failing to give a cost bond, to make a money deposit, or to make affidavit to plaintiff's inability to pay or secure the costs. Instead of charging the jury in general terms that the filing of the petition "would interrupt the running of the statute of limitations" unless they believed from the evidence "that the plaintiff thereafter failed to prosecute his suit by securing service upon the defendants within a reasonable time without a reasonable excuse for such delay," the court should have charged them that the delay was unreasonable and that the facts relied upon by him to excuse it were insufficient. The charge requested by defendants upon the point should have been given.

All the elementary writers agree that in order to stop the running of the statute of limitations by suit not only must the initial step required by the statute be taken, but there must also be a bona fide intention that the process shall be served at once upon the defendant. Bus. on Lim., sec. 355; Wood on Lim., sec. 289; Angell on Lim., sec. 312. And such is practically the ruling in this court. Veramendi v. Hutchins, 48 Texas, 532.

We do not deem it necessary to consider other questions presented in appellant's brief.

For the errors indicated in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 8, 1891.

*Brown & Hall* and *A. T. Watts* argued a motion for rehearing. Motion refused.