FERGUSON et al. v. ESTES & ALEXANDER. (No. 984.)

(Court of Civil Appeals of Texas. El Paso. May 22, 1919. On Rehearing, June 12, 1919. Second Rehearing Denied June 30, 1919.)

1. LIMITATION OF ACTIONS ⟨⟩118(2) — RUNNING OF STATUTE—FILING OF PETITION.

The running of limitations is not interrupted by the mere filing of the petition with the clerk, for not only must this initial step be taken, but there must be a bona fide intention that the process be served at once upon the defendant, so, where citations were prepared by the clerk but were never issued, and neither plaintiffs nor their counsel showed any excuse for failure to obtain service during a period of more than a year, the filing of the petition will not be deemed to have interrupted the running of limitations.

2. PROCESS ⟨⟩23—"ISSUED."

A process is not "issued" until it is sent forth from the clerk's office under his sanction

and authority and given to an officer, or to some one else to give to an officer, for the purpose of being served.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Issue.]

**3. LIMITATION OF ACTIONS ⟨⇐⟩119(1)—NEGLIGENCE OF ATTORNEY—ISSUANCE OF PROCESS.**

Where citations on petition filed by plaintiffs' attorney were not issued and no service was had for more than a year thereafter, plaintiffs cannot escape the effect of the continued running of limitations on the ground that the fault was that of their attorney.

*On Rehearing.*

**4. APPEAL AND ERROR ⟨⇐⟩1177(2)—REVIEW—REMAND.**

Where plaintiffs were unable to show that citations dated August 9, 1916, the day after the filing of the original petition, had been in fact issued by the clerk and due diligence used to obtain service on defendants, because plaintiffs' former attorney was then in military service, *held*, though judgment for plaintiffs must be reversed because the evidence did not show issuance of the citations and diligence sufficient to stop the running of limitations, the cause will be remanded, where plaintiffs asserted they would on retrial be able to prove by their former attorney that the citations had been in fact issued, etc.

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Action by Estes & Alexander against James Ferguson, John Ferguson, and another. Citation not having been served on the first-named defendant, the cause was dismissed as to him, and, from a judgment for plaintiffs against the remaining defendants, they appeal. Reversed and remanded for retrial.

Joe C. Randel, of Hamlin, for appellants.
J. W. Moffett, of Abilene, for appellees.

HIGGINS, J. Appellees filed this petition on August 8, 1916, in the county court of Taylor county, against James and John Ferguson and J. W. Cornelius, to recover upon an open account for medical services, etc., rendered in January and February, 1915, to the wife of James Ferguson, which services were rendered at the request of all defendants and for the payment of which they all became liable. After service of citation in November, 1917, defendants John Ferguson and Cornelius pleaded the two-year statute of limitation. This plea was predicated upon the theory that more than two years had elapsed before the issuance and service of citation. No service being obtained upon James Ferguson, the suit was dismissed as to him, and upon trial before the court judgment was rendered in favor of

plaintiffs against John Ferguson and Cornelius, who appeal. The material facts found by the court may be summarized as follows: That the petition was filed August 8, 1916, and the commencement of the suit was upon that date; that no request was made by plaintiffs or their attorney to the clerk not to issue or hold up issuance of citations, and citations were issued by the clerk on August 9, 1916; that these citations were not served and were found among the papers of the cause; that on October 17, 1917, citations were again issued which which were served on John Ferguson on November 5, 1917, and upon Cornelius on November 3, 1917. John Ferguson had resided in Jones county for 10 years, and Cornelius in the same county for more than 15 years. For a short time after the filing of the suit, John Ferguson ran a gin in Fisher county, Tex. The only citations served upon John Ferguson and Cornelius were those issued October 17, 1917. Upon the facts stated, the court concluded as a matter of law that the account was not barred by the statute of limitations.

The evidence discloses that about August, 1916, plaintiffs placed the account for suit in the hands of their attorney, Mr. De Bogary, and thereafter gave the matter no further attention, assuming that their attorney would give the matter all necessary attention. The attorney filed the petition as stated on August 8, 1916. Bertha Early, deputy clerk, testified that she prepared citations dated August 9, 1916, and signed the same. She refers in her testimony to her action as the issuance of the citations, but stated that she did not know what was done with them, or whether they were ever delivered to Mr. De Bogary. The blank returns upon the citations are not signed by any officer, and there is no evidence that they ever passed out of the hands of the clerk; but, as shown by the court's findings, they were found among the papers of the cause.

*Opinion.*

[1, 2] It is well settled by the decisions of this state that the statute of limitation is not interrupted by the mere filing of the petition with the clerk. In Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645, it was held that, not only must this initial step be taken, but there must be a bona fide intention that the process shall be served at once upon the defendant. In that and a number of other cases where there was delay in the issuance of citation, it was held that, in the absence of some valid excuse for such delay, the statute ran until the citation was issued and service obtained, or a bona fide effort made to obtain service. In Wood v. Ry. Co., 15 Tex. Civ. App. 325, 40 S. W. 25, it was said:

⟨⇐⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The plaintiff can be guilty of other conduct or laches which will fail to arrest the running of the statute. The filing of the petition with the clerk of the proper court is the commencement of the suit (Rev. St. 1895, art. 1177), and will arrest the running of the statute if there is a bona fide intention on the part of plaintiff to prosecute his suit, and he uses reasonable diligence to have process issued and served at once. When a petition is filed, it is the duty of the clerk to issue citation immediately, and the plaintiff has the right to presume that the clerk will issue within a reasonable time. If, however, the clerk fails to do his duty, it is incumbent upon plaintiff to see that it is done. If he directs the clerk not to issue, or if he fails to use proper diligence in the respect indicated, the statute will continue to run, though the petition is filed before the period of limitation has expired. Where citation has been delayed after the petition is filed until the period of limitation has expired, it is then a question for the jury to determine whether or not the plaintiff has been negligent in not causing citation to sooner issue."

In Ry. Co. v. Hubbard, 190 S. W. 793, it was held:

"The petition was filed within the two-year period of limitation, and citations were issued the same day. The first question to be considered is: Were they served in time to prevent the bar? The shipment arrived at Weatherford October 12, 1913, and the consignee was notified the next day, but refused to pay the freight and accept the automobile on account of its battered condition and because some parts were missing. Appellee's right of action to recover for such damages accrued October 13, 1913. In the absence of a sufficient excuse for the delay in having the first citations which were issued August 28, 1916, served, the action is barred as to all such damages. In regard to that part of appellee's action for conversion, by reason of the demand by the station agent of an illegal amount of freight, the record is not very clear. When the demand was made, and when the proper sum was tendered, is left uncertain, even by the testimony of appellee himself. The evidence of the clerk of the court and the sheriff of Hale county tends to show that the citations were in the hands of appellee or his attorneys between August 28, 1915, and the dates they were received by the sheriffs of Hale and Nolan counties, respectively. Under such circumstances, appellee must show a bona fide intention to have the process served and a reasonable excuse for not having done so."

See, also, Estes v. McWhorter, 182 S. W. 887.

[3] The facts in this case bring it within the rule announced in the cited authorities. The record fails to show the issuance of citation until October, 1917, or service until November of that year, and no excuse whatever is offered for the failure so to do. The citations dated August 9, 1916, the evidence shows, were not issued. There is no evidence that they ever passed out of the hands of the clerk, but, on the contrary, it all tends to show the contrary, because they were found among the papers of the case without any return thereon. If they had ever passed into the hands of an officer for service, it would have been his duty to indorse his return when he returned them to the clerk. A process is not issued until it is sent forth from the clerk's office under his sanction and authority and given to an officer, or to some one to give to an officer, for the purpose of being served. 21 R. C. L. 1265; 23 Cyc. 369. It is true that in the statement of facts these citations are referred to as having been issued, but the concrete facts all show that in fact they never passed out of the hands of the clerk. But if it be conceded that they were issued, the fact remains that they were never served, and no excuse is offered for the failure to obtain such service. Appellants resided in Jones county, were well known there, and there is no reason even suggested why they were not served. If it was the attorney's fault, that does not alter the case. Appellees cannot excuse themselves on account of their attorney's neglect. Ricker v. Shoemaker, supra. Appellees contend that it was an issue of fact whether or not they had been negligent in the issuance and service of the process, and that the court's finding in their favor upon this matter concludes the same. This would be true if there was any evidence to support the finding, but there is none. It is all to the contrary.

Upon the authorities cited, we are of the opinion that the undisputed facts show the plea of limitation to be well taken. The facts seem to be fully developed.

The case is, accordingly, reversed and rendered in favor of appellants.

### On Rehearing.

[4] In their motion for rehearing, appellees represent that at the time of the trial of this case their former attorney, Mr. De Bogary, was in the military service of the United States and not present at the trial; that upon retrial they will be able to prove by Mr. De Bogary that the citations dated August 9, 1916, were in fact issued by the clerk and due diligence used to obtain service upon appellees. It being thus made to appear that the facts have not been fully developed, the cause should be remanded for retrial and not here rendered.

It is therefore ordered that the judgment of this court reversing and rendering is set aside, and the cause now is reversed and remanded for retrial.