Orgain, Carroll & Bell, of Beaumont, for appellant.

Gaston Wilder, Jr., of Beaumont, for appellee.

## SCHOENMANN v. OTEY.

No. 3415.

Court of Civil Appeals of Texas. Beaumont.

March 9, 1939.

O'QUINN, Justice.

Otey sued Schoenmann, doing business under the name of Schoenmann Produce Company, in the district court of Jefferson County, Texas, to recover damages growing out of an automobile collision in which Otey's automobile collided with a truck owned and operated by Schoenmann, in Port Arthur, Texas.

Schoenmann filed his plea of privilege to be sued in the county of his residence, alleged to be Harris County, Texas. Otey duly filed his controverting affidavit in which he asserted jurisdiction in the district court of Jefferson County under subdivision 9 of Article 1995, R.S.1925, because the act complained against Schoenmann was a crime or offense committed in Jefferson County. He alleged, in substance, that on the night of October 20, 1937, Schoenmann, by and through one of his employees, was operating a truck in the city of Port Arthur in Jefferson County, and in violation of the penal laws of the State of Texas, parked its said truck on and across Proctor Street, a public thoroughfare in said City of Port Arthur, by backing the rear of said truck against the curb and extending the body

across said street leaving less than fifteen feet of clear open space in said street between the front end of said truck and the curb, said truck then and there being entirely without lights, contrary to Article 827a, §§ 9 and 10 thereof, Vernon's Ann. P.C. That driving his car at night down Proctor street on his proper side of the street he was within some 10 or 12 feet of the truck before he discovered same and could not avoid colliding with the truck, whereby he suffered great injury and damage personally and to his car. That by reason of the facts the violation of the penal statute occurred in Jefferson county giving jurisdiction to maintain the suit in said county.

Hearing was had on the plea and judgment entered overruling same. This appeal is from that order. The correctness of the judgment is the sole question involved.

The driver of the truck was not made a party defendant. It is admitted that Schoenmann resides in Harris County, and that he was not present at the collision. The collision occurred within the limits of the City of Port Arthur at about 11:30 p. m. Port Arthur is an incorporated city being incorporated under the Home Rule statute (Vernon's Ann.Civ.St. art. 1165 et seq.), and so has control of and over its streets within its limits. Appellee relies solely on subdivision 9 of Article 1995, R.S.1925, for jurisdiction in Jefferson County. It gives jurisdiction in cases where a crime or offense has been committed to the county where the crime or offense was committed. Appellee invokes Section 10 of Article 827a, Vernon's Ann. P.C. It provides: "No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved main traveled portion of any highway, outside of any incorporated town or city, when it is possible to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway."

We think the statute plainly negatives appellee's right to maintain the suit under this provision. It clearly states that the parking forbidden must be on a highway "outside of any incorporated town or city." Appellee contends that the further provision of the statute "provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway, etc." gives jurisdiction even though the highway obstructed is a street in an incorporated city. We can't accede to this construction of the statute. The article must be construed as a whole. It was enacted for the purpose of regulating the use of state highways outside of incorporated towns and cities, it first plainly so states. The portion of the statute relied upon by appellee clearly relates back to the first provision, and enlarges and clarifies same. The whole law has for its purpose the protection of users of the state highways and provides regulation for their use under certain conditions. It has no reference to streets in incorporated cities.

The judgment will be reversed and the cause remanded, and it is so ordered.

Reversed and remanded.