LANDERS et al. v. JORDAN.

No. 5007.

Court of Civil Appeals of Texas. Amarillo.

March 20, 1939.

Ayres & Ayres, of Floydada, for appellants.

L. G. Mathews, of Floydada, for appellee.

STOKES, Justice.

This is a suit upon a promissory note in the sum of $360, executed by appellant, Leon Landers, payable to appellee, L. E. Jordan. The note bears date April 27, 1931. It matured March 1, 1932, and provided for interest at the rate of 10% per annum from March 1, 1931, and for 10% attorney's fees if sued upon or placed in the hands of an attorney for collection. The note sued upon was a renewal of a prior note in the sum of $300, and accrued interest, executed on March 1, 1929, by appellant, Leon Landers, as principal and appellant, Sidney West, as surety. The original note matured March 1, 1931; provided for interest at the rate of 10% per annum, and 10% as attorney's fees if placed in the hands of an attorney for collection or if collected by suit or through the probate court. The original note contained a provision under which the surety waived demand and protest and agreed to any and all extensions and renewals of the principal obligor, which accounts for West having been made a party defendant to the suit although the note sued upon was not signed by him.

The defendants answered by the general issue and special pleas, including the four years statute of limitations.

The case was tried by the court without the intervention of a jury and judgment was rendered in favor of appellee for the sum of $676.90, which included the principal, interest and attorney's fees due on the note.

Appellants duly excepted to the judgment and, their exception being overruled, they perfected an appeal to this court and present the case here upon a number of assignments of error in which they assail the action of the court below in rendering judgment against them upon two grounds: First, that the cause of action was barred by the four years statute of limitations and, secondly, that appellant West being an accommodation party or surety on the original note and the second note, not having been signed by him and, not being identical with the original note in its terms and provisions, he was not liable on the note sued upon.

There is no statement of facts in the record, but at the request of appellants the trial judge filed findings of fact and conclusions of law in which both notes are set out in haec verba and from which it also appears that the original petition was filed February 29, 1936, which was one day prior to the expiration of four years after the maturity of the note sued upon. It is further shown that no bond for costs nor cash deposit was filed with the original petition, but the clerk prepared citations for each of the appellants. Landers being alleged to be a resident of Floyd County and West being alleged to be a resident of Wilbarger County, the citations were directed to those counties respectively. The citations were not delivered to any officer for service nor to appellee or his attorney, but were retained in the office of the clerk until August 3, 1937, which was more than seventeen months after the suit was filed. On that day appellee made a deposit of $10 in lieu of a cost bond and the dates upon the original citations were changed by the clerk and he delivered them either to the sheriff of Floyd County or appellee's attorney for service. The citations were then made returnable to the September term of the court, which convened September 27, 1937. The local citation was served upon appellant, Leon

Landers, the next day, but the citation issued to Wilbarger County for West was returned August 10, 1937, with a notation to the effect that Sidney West was not found in Wilbarger County. On January 17, 1938, an alias citation was issued for appellant, Sidney West, and directed to the sheriff or any constable of Floyd County, where he was found and duly served on January 28, 1938, which was almost two years after the suit was filed.

During the seventeen months that transpired between the filing of the suit and the actual issuance of the citations, six terms of the court convened, viz., the March, June, September and December terms, 1936, and the March and June terms, 1937. During all this time appellant, Leon Landers, resided in Floyd County and his whereabouts were known to appellee at the time the suit was filed and at all times thereafter. The petition alleged that appellant, Sidney West, was a resident of Wilbarger County, but within the next day or so after filing the petition appellee "heard that said defendant West was not in Wilbarger County" and he, therefore, held up and delayed the issuance of the citations as to both of the defendants until August 3, 1937. At that time he was informed that West resided in Wilbarger County and he then made the deposit for the costs and caused citation to issue to that county, with the result, as stated, that it was returned a few days later not served, the return stating West was not found there.

The court further found that West was a resident of Wilbarger County on February 29, 1936, when the suit was filed; that he resided at Odell in that county; operated a blacksmith shop there, and continued to reside there until the month of February, 1937, when he moved to Wise County where he remained for some four months and then moved to Floyd County where he made his home in the Lakeview community and engaged in farming and seasonal employment at a gin located in that community. It is further shown that he had resided in the Lakeview community before and was well known there. The findings further relate that appellee's reason for holding up and delaying issuance of the citations upon both of appellants from February 29, 1936, until August 3, 1937, was that he did not know the whereabouts of the defendant West and on January 17, 1938, he read in the Floydada newspaper that the defendant West was in Floyd County, whereupon he caused alias citation to issue on that date.

In view of the findings of the trial court it is difficult to understand why judgment was rendered for the appellee in the face of the pleas of limitation urged by appellants. If there is a principle of law that is well established in this state it is that the mere filing of a petition by the plaintiff is not all that is required to toll the statute of limitations but there must also be a bona fide intention that citation thereon shall at once be issued and served upon the defendant. Veramendi v. Hutchins, 48 Tex. 531; Ricker et al. v. Shoemaker, 81 Tex. 22, 16 S.W. 645; Owen v. City of Eastland, 124 Tex. 419, 78 S.W.2d 178; Ferguson et al. v. Estes et al., Tex.Civ.App., 214 S.W. 465; Bering Mfg. Co. v. Carter & Bro., Tex.Civ.App., 255 S.W. 243; Panhandle & S. F. Ry. Co. v. Hubbard, Tex.Civ.App., 190 S.W. 793.

Upon the filing of the petition it ordinarily becomes the duty of the clerk to issue citation for the defendant, but if his failure to do so results in an unreasonable delay and the defendant is not served with citation until long after the cause of action is barred by limitation, the plaintiff cannot escape responsibility for the failure to issue the citation merely because the clerk was derelict in his duty. If the clerk fails to perform the duties encumbent upon him in issuing the citation, it becomes the duty of the plaintiff to see that it is done and if he fails to use proper diligence in that respect, the limitation provided by the statute will not be interrupted even though the petition was filed before the period of limitation had expired. Wood v. Gulf, C. & S. F. Ry. Co., 15 Tex.Civ.App. 322, 40 S.W. 24, 25; Gulf, C. & S. F. Ry. Co. v. Flatt, Tex.Civ.App., 36 S.W. 1029.

The only excuse shown by the record for the failure of appellee to have the citation issued promptly is that at the time the petition was filed he thought the defendant, Sidney West, was in Wilbarger County but, within the next day or so after filing the petition, he heard that West was not in Wilbarger County and he, therefore, held up and delayed the issuance of citations as to both of the defendants until August 3, 1937. No act or thing is shown to have been done by him during all that time which could be construed as an effort to locate the defendant West. On the

other hand, West was a resident of Wilbarger County and well known there when the petition was filed and remained so for some four months thereafter. It would seem that nothing more than a slight effort would have been required for appellee to ascertain this fact. Moreover, West became a resident of Floyd County in June, 1937, and no effort is shown to have been made to locate him in that county for two months thereafter, although he was well known in the Lakeview community where he resided. Certainly, the mere fact that appellee did not know the residence of West did not excuse him from the duty promptly to have the citation issued and served upon the other defendant, Leon Landers. He was a resident of Floyd County at the time the suit was filed, remained so at all times up to the date of the trial, and was well known to appellee.

■■■ The intention in good faith to prosecute a suit after it is filed is continuous. It is the duty of the plaintiff to show reasonable diligence in bringing the defendant into court. It is obvious from the above facts as found by the trial court that appellee did not discharge his duty in that respect. The mere fact that within a day or two after filing the suit he heard that Sidney West was not in Wilbarger County is no reason why he should not have put forth reasonable and continuous efforts to learn his whereabouts. As a matter of fact, what he heard in that respect proved to be untrue. West was in Wilbarger County at that time and remained there for several months when he moved to Wise County. These things unquestionably could have been ascertained by appellee if he had exercised the slightest diligence. The facts revealed by the record do not furnish an excuse for appellee's failure to ascertain the whereabouts of West, and certainly they did not excuse him from having the citation issued and served upon the defendant, Leon Landers, who was well known to him and who, during all the time, resided in the county where the suit was filed.

■■ Appellee contends that the question of negligence in respect to having citations issued and showing evidence of a bona fide intention to prosecute the suit after it is filed is one of fact and, in the absence of a statement of facts, since the trial court rendered judgment in his favor, this court should presume that the facts were sufficient to warrant a finding of the

trial court that he was not negligent in this respect. As has been shown, the findings of fact by the trial court reveal that the citations were prepared by the clerk and retained in his office for a year and five months. Six terms of the court convened during that time and the findings of the trial court show that no reasonable effort was made during all of that time to locate the defendant West. Moreover, as we have said, no rational explanation or excuse whatever is shown why appellee failed to exercise reasonable diligence and effort to have either of the defendants served. These things being shown by the record and there being no controverting circumstances, there was no issue of fact. There can be no question that, in the absence of a reasonable excuse or a rational explanation of the long delay, the matter becomes a question of law. If the case had been tried by a jury, under the circumstances revealed by the record before us, the question would not have been one for jury consideration.

In the case of Ricker et al. v. Shoemaker, supra, there had been a delay of fifteen months in the issuance and service of the citation. The plaintiff offered in explanation circumstances and conditions which the court found were not sufficient and Justice Gaines, speaking for the Supreme Court, said [81 Tex. 22, 16 S.W. 646]: "The court should have charged them [the jury] that the delay was unreasonable, and that the facts relied upon by him to excuse it were insufficient."

In the case of Austin, Banking Commissioner, v. Proctor, Tex.Civ.App., 291 S.W. 702, 704, there had been a delay of less than fourteen months. The plaintiff in the case likewise offered certain circumstances as an excuse for the delay, which the court held to be insufficient, and the El Paso Court of Civil Appeals said: "The record does not disclose the exact date the original [citation] was returned by the sheriff of El Paso county to plaintiff's attorney, but it was evidently before the September term, 1923, and a year must have elapsed before the alias was issued, and at least five terms had intervened and no explanation whatever made by plaintiff's counsel of his failure to pursue his effort to obtain service. Under such circumstances no issue of fact is presented for submission to the jury, and the peremptory instruction was properly given. As a matter of law the delay was unreasonable,

and the trial court did not err in so assuming."

Under the findings of the trial court which, in the absence of a bill of exceptions or statement of facts, we must assume were supported by the facts proven, and upon the holdings and reasoning of our courts in the cases we have cited, we cannot but conclude that the pleas of limitation urged by the appellants were well taken and should have been sustained. Instead of rendering judgment in favor of the appellee, judgment should have been rendered in favor of appellants upon their pleas of limitation.

What we have said disposes of the case and makes it unnecessary to discuss the remaining assignments of error.

There being nothing to indicate the case was not fully developed upon the trial, it becomes our duty to reverse the judgment of the trial court and here render judgment for the appellants, and it will be so ordered.