**RASBERRY et al. v. JONES et al.**

**No. 14774.**

Court of Civil Appeals of Texas. Fort Worth.

June 28, 1946.

C. T. Gettys, Nolen L. Sewell, and Jennings C. Brown, all of Decatur, for appellants.

Lucian Touchstone and George C. Cochran, both of Dallas, for appellees.

SPEER, Justice.

This appeal involves venue raised by the plea of privilege filed by defendants.

Lee Rasberry for himself and as next friend of his minor son, as plaintiff, filed an action in the district court of Wise County, Texas, against Oklahoma Contracting Company and the individual members of said alleged copartnership, to-wit, T. R. Jones, T. A. Hester, N. K. McFarland and Paul R. Halbert, as defendants, for recovery of damages growing out of an injury sustained

by the minor from the explosion of a barrel or drum alleged to contain gasoline.

The parties will bear the same designation here as in the trial court.

Defendants timely filed their plea of privilege to be sued in Dallas County, the place of their respective residences, and plaintiff likewise filed his controverting affidavit which in effect includes all material allegations of the petition, claiming venue under Exception 9 to Article 1995. The exception, under which venue in Wise County is claimed, is commonly known as one involving "Crime or Trespass." In the instant suit plaintiff relies upon the "trespass" feature of that exception.

Briefly stated the facts shown to exist, leading up to and causing the accident in which the child was hurt, are: Defendants had been doing some construction work in the vicinity, had used large quantities of gasoline, kerosene and Diesel engine oil. These fuels were delivered by a petroleum company in metal barrels or drums which belonged to the petroleum company. Defendants' agent usually pumped the fuel out of the drums and placed it in a tank-truck to be hauled out to the places where needed. When the drums were emptied they were put near the entrance to the building used by defendants, with the "bungs" tightly replaced. The building then being used by defendants was constructed as a filling station, and had an open drive-way in the front. These drums, on the occasion in question, were placed near or in the drive-way and the petroleum company notified to pick them up; the notification to the petroleum company was a day or two before the accident happened. The drums were lined up near the wall so that one of them sat next to the sidewalk. The agent of defendants, who handled the drums, said upon inquiry that he used a good pump and picked up the liquid from the bottom of the drums; that he supposed there might have been a quart left in them, but he "wouldn't say for certain."

On May 31, 1945, one of the barrels or drums, which stood closest to the sidewalk, exploded and injured the minor. The sun was shining that day and, situated as the drum was, the sun would begin shining on it at about noon, and the explosion occurred around four o'clock in the afternoon. Witness said: "Well, it was a pretty hot day."

The issues were tried to the court without a jury, and the judgment entered, aside from formal parts, reads: "The court, after hearing said plea of privilege and the verified controverting plea in reply thereto and after hearing the evidence thereon and the arguments of counsel * * * considers that plaintiffs' said controverting plea should be denied and that the defendants' said plea of privilege should be sustained * * *." The court then sustained the plea of privilege and transferred the case to Dallas County. Plaintiff has appealed from that order.

■ It is a well known rule in this state that a person's right to be sued in the county of his residence is a valuable one. The very language of Article 1995 supports this established rule; that article, in part, reads: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:" Then follow thirty or more "exceptions" to the announced rule.

One of the above mentioned exceptions is No. 9 which, in effect, provides that a person may be sued for damages resulting from a trespass in the county where the trespass was committed.

■ There is some confusion among the early cases as to what was meant by "trespass" in the exception mentioned. See Hill v. Kimball, 76 Tex. 210, 13 S.W. 59, 7 L.R.A. 618, and Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645. Judge Gaines wrote both opinions. See also Meredith v. McClendon, Chief Justice, 130 Tex. 527, 111 S.W.2d 1062, 1065. The last cited case follows the rule announced in Ricker v. Shoemaker, supra, rather than the less restricted rule announced in Hill v. Kimball, supra; in the Meredith case, supra, the court held that "trespass" as used in exception 9 to Article 1995 "was intended to embrace only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty."

It is not contended in this appeal that the wrongful acts attributed to defendants were done with a wilful intent to injure plaintiff's child, but that the acts were negligently committed.

■ The filing by defendants of their plea of privilege in this case constituted prima facie proof of their right to a change of venue to Dallas County (Rule 86, Texas Rules Civil Procedure), and plaintiff's controverting plea taken in connection with the plea of privilege constituted the pleadings upon which the venue issues were to be heard. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675.

■ It will be noted that there was no request of the trial court to file findings of fact, nor did the judgment recite any such findings upon which the court entered his judgment sustaining the plea of privilege. The burden of proof was on plaintiff to overcome by a preponderance of the evidence the prima facie right of defendants to have their plea sustained. The testimony offered fell far short of establishing negligence as a matter of law, even though it might have supported a finding of negligence if such had been found. Nor is this all; in cases of this character a particular kind of negligence must be found to exist; it must appear that the negligent trespass consisted of something more than a mere omission to perform a duty. This is the universally recognized rule. Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645; 33 Tex.Jur. 85. There are many cases which follow the rule announced in the last cited authorities, but we shall content ourselves to mention some of the more recent decisions: Shoenmann v. Otey, Tex.Civ.App., 126 S.W.2d 681; Dixon v. McDonald, Tex.Civ.App., 130 S.W.2d 884; R. E. Cox Dry Goods Co. v. Kellog, Tex.Civ.App., 145 S.W.2d 675, 680, writ of error refused; Carey v. Smith, Tex.Civ.App., 168 S.W.2d 889; Ellis v. Glascow, Tex.Civ.App., 168 S.W.2d 946; Mercer v. McCurley, 142 Tex. 197, 176 S.W.2d 923.

It will be noted, as above pointed out, that the trial court in this case entered judgment sustaining the plea of privilege and filed no findings of fact either at the request of plaintiff or recited in the judgment. The effect of that judgment could have been that the trial court did not find that defendant was guilty of negligence (by failing to exercise ordinary care) or the judgment could have been based upon a finding that even though defendant was negligent, such negligence did not consist of any overt act committed, but was an act of failure or an omission to perform a duty, in which circumstances venue would not lie in Wise County under exception 9 of Article 1995.

■■ It has long been the recognized rule of law in this state that where a case is tried to the court and no findings of fact and conclusions of law are filed by the trial judge, the judgment will be affirmed if there is evidence to support it upon any theory in the case; every issue in the case raised by testimony must be resolved in support of the judgment. 3 Tex.Jur. 1006, Sec. 718. Many decisions rendered since the publication of Texas Jurisprudence adhere to the above announced rule. It has sometimes been held that if the judgment of the trial court (when no jury is had) is correct upon any theory in the case, it will be sustained on appeal, if there is evidence to support it, irrespective of the ground upon which that court based it. Waco Development Co. v. McNeese, Tex.Civ.App., 209 S.W. 464, error refused; Rio Bravo Oil Co. v. Staley Oil Co., 138 Tex. 198, 158 S.W.2d 293; Shirley-Self Motor Co. v. Canon, Tex.Civ.App., 166 S.W.2d 155; Patrick v. Simpson, Tex.Civ.App., 168 S.W.2d 315, error refused.

■ In the well considered and often cited case of Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, many fundamental principles are laid down as applicable to what is commonly known as venue hearings. Some of those pronouncements are: The importance in our jurisprudence of according to every citizen his right to be sued in the county of his residence, except in cases made clear by statutory provisions; the quantum of proof required at the hands of one who seeks to maintain venue elsewhere under exception 9 to Article 1995; that when one of the named exceptions to exclusive venue is relied upon the party asserting it must allege and prove the es-

sential elements of that exception to defeat the prima facie right to a change of venue presented by the plea of privilege; the commission of a crime, offense or "trespass" cannot be assumed in favor of a plaintiff who relies upon exception 9 to maintain a suit in the county where filed when the privilege is claimed; in making proof by plaintiff to sustain venue, the same degree of the preponderance of the testimony prevails as it does in any other civil suit; a determination by the court of controverted fact issues is controlled by the general rules of weighing testimony in venue actions the same as in ordinary suits on the merits.

 The plaintiff argues at great length in his brief and offers many authorities, both in and out of the state, to support his contention that a person may be guilty of active negligence by placing and maintaining on his own premises a thing which may, in the natural course of events, escape or by its very presence and nature do harm to the person or property of another. No fault can be found with the proposition in so far as it applies to a trial of a case on its merits when such matters are involved. Authorities in other jurisdictions are of small significance in this state when venue only is involved. We have already observed that an active "trespass," as distinguished from inactive ones or omissions to do something, is controlling where only venue is the issue. He cites and relies upon such Texas cases as City of Corpus Christi v. McMurrey, Tex.Civ. App., 90 S.W.2d 868, and City of Dallas v. Hopkins, Tex.Civ.App., 16 S.W.2d 852, to show that venue may be maintained in the county where a trespass has been committed, even though the wrongful trespass was the maintenance of a dam across a stream which subsequently caused waters to flood plaintiffs' land. We believe counsel has overlooked the fact that in each of those cases plaintiffs sought to retain venue in the county where the trespass by overflow occurred under, among other exceptions, No. 14 to Article 1995. That exception provides in effect that suits for damages to land or to prevent or stay waste on lands *must* be brought in the county where the land is situated. It has many times been held that the word "must" as emphasized by us implies that exception 14 controls all other exceptions relating to the venue matters.

Plaintiff also cites, in this connection, East Texas Oil & Refining Co. v. Mabee Consolidated Corp., Tex.Civ.App., 103 S.W. 2d 795. That was a trial upon the merits of a case involving damages to land for escaping oil. The negligence of the company, permitting oil to escape, was the issue and is outside the venue issues before us here, and is not controlling in this kind of a case.

Under the record before us we are forced to the conclusion that we must construe the inconclusive testimony in such way as to support the judgment entered. We therefore order that the judgment of the trial court be affirmed. This is our order.