## JANES GRAVEL CO., Inc. v. STEWART.

### No. 3085.

Court of Civil Appeals of Texas.

Eastland.

Feb. 26, 1954.

M. E. Clough, Dallas, for appellant.

Scarborough, Yates, Scarborough & Black, Abilene, for appellee.

LONG, Justice.

This is a plea of privilege case. Stewart sued Janes Gravel Company in the County Court of Haskell County for damages to his truck. The gravel company filed a plea of privilege to be sued in Travis County, the county of its residence. Stewart controverted said plea and sought to hold venue in Haskell County under Subdivision 9 of Article 1995, Vernon's Annotated Revised Civil Statutes. Upon a hearing of the plea of privilege, the same was overruled. The Gravel Company has appealed.

After Stewart had filed his controverting affidavit, the gravel company filed a plea in abatement to the cause of

action asserted by Stewart on the ground that appellant had a contract with appellee for the use of his truck on a "per load" basis to be used in the hauling of gravel and other commodities; that under the terms of said contract appellee agreed in writing that appellant would not be in any wise responsible for any injuries to said truck while it was being used in pursuance to said contract. Appellant asserts that the trial court erred in overruling its plea of privilege because under the terms of the contract, appellant could not be held liable for any damage to appellee's truck, therefore, appellee had not established a cause of action against appellant. We do not agree with this position. The plea in abatement setting out the contract was a defensive matter to the merits of the case and was not properly before the court upon a hearing of the plea of privilege. It was a matter that could be and should be raised upon a trial on the merits but it has no place in the hearing of the plea of privilege. It was not a venue fact. Appellee did not have to plead or prove the contract in order to prove the cause of action asserted in his petition. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810; Uvalde Const. Co. v. Waggoner, Tex.Civ. App., 159 S.W.2d 203; 43 Tex.Jur., 844.

 Appellant further asserts the trial court erred in overruling its plea of privilege because appellee failed to prove a crime, offense or trespass was committed by appellant in Haskell County. We do not agree with this contention. The evidence discloses that appellee was engaged in hauling gravel for appellant. He hauled a load of gravel to a ramp which was used as a place for trucks to unload gravel where it was to be washed. Appellee stopped his truck at the usual place and at such time a truck owned by appellant and driven by a man in its employ attempted to go up said ramp when his motor stalled and there were no brakes on the truck and the driver of the truck was unable to stop it. He maneuvered the truck in such a way that it "jack-knifed" and struck appellee's truck, thereby causing it to be damaged.

The accident occurred in 1953, at a time prior to the effective date of Subdivision 9a of Article 1995. This case is controlled by the provisions of Subdivision 9 prior to its amendment. We believe the evidence is sufficient to show that appellant was guilty of active negligence in Haskell County on the occasion in question. It is shown that the truck was being operated in hauling gravel at a time when those in charge of the operations for appellant knew that its brakes were defective. It is established that driving a truck with defective brakes was the direct cause of the damage to appellee's truck. Banana Supply Co. v. Driskell, Tex.Civ.App., 250 S.W.2d 595.

We find no error in any of the points presented and they are accordingly overruled.

The judgment of the trial court is affirmed.